IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JOHN A. HORVATH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:09-cv-01129 (AJT/TCB) |
| ) | |
| BANK OF NEW YORK, N.A., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

On November 30, 2009, plaintiff John Horvath ("Horvath") filed an Amended Complaint (Doc. No. 27) alleging a variety of claims based on the foreclosure of his home following his default in his mortgage obligations.[1] This matter is now before the Court on the Motion to Dismiss Amended Complaint filed on behalf of defendant Equity Trustees, LLC ("Equity") (Doc. No. 29) and the Motion to Dismiss Amended Complaint with Prejudice filed on behalf of defendants America's Wholesale Lender ("AWL"), Bank Of New York, N.A. ("BoNY"), CWALT, Inc., Alternative Loan Trust 2006-45TI ("CWALT"), Countrywide Home Loans Servicing LP "("Countrywide"), and Mortgage Electronic Registration System, Inc. ("MERS")[2] (Doc. No. 31), and plaintiff's opposition thereto.[3]

---

[1] Horvath originally filed this action in the Circuit Court of Fairfax County and defendants removed it to this Court on October 7, 2009. On November 13, 2009, in response to defendants' motion to dismiss, and after oral argument, this Court dismissed plaintiff's original complaint, with leave to amend certain claims.

[2] MERS was listed as a defendant in the original Complaint (Doc. No. 1) but is not named as a defendant in the Amended Complaint (Doc. No. 27).

[3] Horvath filed without leave of Court an opposition to these motions out of time, which the Court has nevertheless considered.

In order to defeat defendants' motions, the Amended Complaint (Doc. No. 27) must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has factual plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, *id.,* and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 55. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal,* 129 S. Ct. at 1949–1950.

In Count I of the Amended Complaint (Doc. No. 27), Horvath claims that he is entitled to a declaration against AWL, CWALT, BoNY, and Countrywide that the foreclosure and sale of the property at 1159 Water Oak Ct., Wood Bridge, VA 22192 (the "Property") is "void." Amended Complaint (Doc. No. 27) at ¶ 39. Declaratory relief is reserved for forward looking actions and is appropriate if the "relief sought (i) will serve a useful purpose in clarifying and settling the legal relations in issue, and (ii) will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Douros v. State Farm Fire and Casualty Co.,* 508 F. Supp. 2d 479, 482 (E.D. Va. 2007) (internal quotations omitted). Because the foreclosure on the Property has already occurred, declaratory relief will serve no useful purpose, particularly in light of the Court's rulings herein with respect to Horvath's other substantive claims. Count I is therefore dismissed. For the same reasons, Horvath's claim for declaratory relief against Countrywide in Count II is dismissed.

2

In Count III, Horvath alleges that defendant Equity, as a trustee under the deeds of trust pertaining to the Property, breached its fiduciary duty owed to him by failing to perform "reasonable due diligence" before threatening, scheduling, and foreclosing on the Property, as well as by "failing to remain impartial." Amended Complaint (Doc. No. 27) at ¶ 79–80. Under Virginia law, however, a trustee under a deed of trust has no such duty of diligence, and trustees only owe duties listed in the deed of trust. *Carter v. Countrywide Home Loans, Inc.*, No. 3:07-cv-651, 2008 WL 4167931, at *11 (E.D. Va. Sept. 3, 2008) ("[T]he trustee only owes those duties that are listed in the deed of trust itself."); *see also Fleet Finance v. Burke & Herbert Bank and Trust*, 1992 WL 884461, at *3 (Va. Cir. Ct. Jan. 28, 1992). As Horvath does not allege that any such duties exist in the deed of trust or facts establishing impartiality, he has failed to allege facts that make plausible any claimed violation of fiduciary duty and Count III is dismissed.

In Count IV, Horvath claims that the defendants have no valid interest in the Property and seeks to "quiet title" to the Property. Amended Complaint (Doc. No. 27) at ¶ 82–92. Although Horvath's conclusory assertion that the defendants have no valid interest in the Property may provide the start for a quiet title action, the facts that Horvath alleges to support this claim are not sufficient to make that claim plausible. In this regard, the Amended Complaint (Doc. No. 27) alleges that Horvath's original lenders sold and assigned the promissory notes secured by the Property to other parties, including certain defendants, and that through the "splitting, selling, trading, and insuring of the pieces of the [promissory] Notes on the secondary market," the deeds of trust pertaining to those notes have become separated or "split" from the notes, rendering them unenforceable. *Id.* at ¶ 88. Additionally, Horvath claims that because of this sale and assignment of the promissory notes, his original lenders have already been paid on the promissory notes and that the defendants that purchased the notes have received or have the right to receive insurance

3

proceeds as a result of his default. *Id.* at ¶ 90. Based on these alleged events, Horvath claims that he was discharged from his obligations under the promissory notes, even though he has defaulted under the promissory notes and defendants Equity and Countrywide, as trustees under the deeds of trust that secured the purchased and assigned promissory notes, had no right following his default to foreclose on the Property. *Id.* at ¶ 92.

Horvath's legal theory in support of his quiet title claims fails on the basis of the facts alleged and as a matter of law. First, Horvath was not discharged from his obligation under the promissory notes at issue because of his original lenders' sale and assignment of the notes. *See* Va. Code Ann. § 8.3A-203(b) ("Transfer of an instrument, whether or not the transfer is a negotiation, vests in the transferee any right of the transferor to enforce the instrument, including any right as a holder in due course."). Second, the "split" of his promissory notes from the deeds of trust does *not* render the deeds of trust unenforceable. The deeds of trust continue to grant a promissory note holder security, and subsequent note holders may appoint substitute trustees under the deeds of trust. *See* Va. Code § 55-59(9) ("The party secured by the deed of trust, or the holders of greater than fifty percent of the monetary obligations secured thereby, shall have the right and power to appoint a substitute trustee or trustees for any reason."). Overall, the Amended Complaint fails to set forth facts that make Horvath's claims plausible when evaluated in light of settled law pertaining to the negotiability of promissory notes and the enforcement of deeds of trust securing such notes following negotiability. Likewise, Horvath provides no factual or legal basis, and the Court finds none, to support his contention that because Horvath's default triggered insurance for any losses caused by that default or "credit enhancements," he is discharged from the promissory notes and the Property is released from the deeds of trust.

Horvath's claim that he holds title to the Property free and clear of defendants' interests fails to state a claim and Count IV is dismissed.

In Count V, Horvath alleges defendants Countrywide and Equity violated the Fair Debt Collection Practices Act ("FDCPA"). Specifically, Horvath alleges seven actions taken by these defendants that he claims violate the FDCPA. However, the FDCPA makes only "debt collectors" liable for these actions. The FDCPA specifically defines "debt collectors" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. §1692a(6). Horvath alleges that defendants Countrywide and Equity are "debt collectors" because they "purchased or received some of the debt, or servicing [sic] a purported owner of the debt, or acting [sic] at request of some other entity, while it contended [sic] to be in default." Amended Complaint (Doc. No. 27) at ¶ 96. Mortgage servicing companies and trustees exercising their fiduciary duties enjoy broad statutory exemptions from liability under the FDCPA. *See* 15 U.S.C. §1692a(6)(F)(i) ("The term [debt collector] does not include any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement"); *see also* 15 U.S.C. §1692a(6)(F)(iii) ("The term [debt collector] does not include . . . any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person."); *Scott v. Wells Fargo Home Mortgage, Inc.*, 326 F.Supp.2d 709, 718 (E.D.Va. 2003) ("[T]he law is well settled . . . that creditors, mortgagors, and mortgage servicing companies are not debt collectors and are statutorily exempt from liability under the

FDCPA."). Horvath does not allege that Countrywide or Equity, or the companies on whose behalf they foreclosed on the Property, acquired Horvath's promissory notes after he defaulted. Moreover, while Horvath challenges Equity's appointment as a substitute trustee, Horvath also does not allege that the Equity foreclosed on the Property other than through the authority conferred under the deeds of trust. He has therefore failed to allege facts in the Amended Complaint (Doc. No. 27) that establish that defendants Equity and Countrywide acted as "debt collectors" for the purposes of the FDCPA; and Count V is dismissed.

Finally, Horvath claims in Count VI that defendants Countrywide and Equity committed fraud by misrepresenting their authority to conduct a foreclosure. The elements of a fraud claim are: "1) a false representation, 2) of a material fact, 3) made intentionally and knowingly, 4) with intent to mislead, 5) reliance by the party misled and 6) resulting damage to the party misled." *Klaiber v. Freemason Assocs.*, 266 Va. 478, 485 (2003). The Amended Complaint (Doc. No. 27) does not allege sufficient facts in order to state a cognizable claim for fraud against the defendants, especially in light of the heightened pleading requirements for fraud claims under Fed. R. Civ. P 9(b). Among other defects, the Amended Complaint (Doc. No. 27) does not allege facts sufficient to make plausible that Horvath or anyone else was misled by or relied on the alleged misrepresentation, or that defendants' alleged misrepresentations were material. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937.

For the above reasons, it is hereby:

ORDERED that the defendants' motions to dismiss (Doc. No. 29 and 31) be, and the same hereby are, GRANTED, and the Amended Complaint (Doc. No. 27) is DISMISSED with prejudice against defendants Equity Trustees, LLC, America's Wholesale Lender, Bank Of New

York, N.A., CWALT, Inc., Alternative Loan Trust 2006-45TI, Countrywide Home Loans Servicing LP, and Mortgage Electronic Registration System, Inc.

The Clerk is directed to forward copies of this Order to all counsel of record.

/s/
Anthony J. Trenga
United States District Judge

Alexandria, Virginia
January 29, 2010

7